UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CLAYTON, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ORTHOVITA, INC, R. SCOTT BARRY, MORRIS CHESTON, JR., MARY E. PAETZOLD, PAUL G. THOMAS, WILLIAM E. TIDMORE, JR., PAUL T. TOUHEY, JR., ANTONY KOBLISH, STRYKER CORPORATION, and OWL ACQUISITION CORPORATION,<br><br>Defendants. | Case Number _____<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND PROCEEDINGS AND INCORPORATED MEMORANDUM OF LAW** |

Plaintiff, Robert Clayton ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 26(d), moves for entry of an order permitting Plaintiff to immediately begin discovery in this matter and directing the Defendants Orthovita, Inc., R. Scott Barry, Morris Cheston, Jr., Mary E. Paetzold, Paul G. Thomas, William E. Tidmore, Jr., Paul T. Touhey, Jr., Antony Koblish, Stryker Corporation and Owl Acquisition Corporation (collectively "Defendants") to respond to all such discovery requests on an expedited basis.

As set forth in Plaintiff's Complaint filed in this case and the incorporated Memorandum of Law below, Plaintiff is entitled to expedited discovery to learn the full extent of the nature and scope of Defendants' unlawful conduct as quickly as possible to stem the irreparable harm being caused to Plaintiff and the other public shareholders of Orthovita, Inc. and to determine whether it is necessary to seek preliminary injunctive relief before the scheduled close of a proposed

tender offer on June 24, 2011, and to prohibit the continuation of Defendants' misconduct during the pendency of this case.

## I.   INTRODUCTION

Plaintiff Robert Clayton ("Plaintiff") respectfully submits the following memorandum in support of his Motion to Expedite Discovery Proceedings. Plaintiff in this case is a shareholder of Orthovita, Inc. ("Orthovita" or the "Company"), a specialty spine and orthopedic company with a portfolio of orthobiologic and biosurgery products. ¶¶ 13, 14.[1] Due to the extremely truncated schedule of events in this case, as described below, Plaintiff seeks an order of this Court expediting all discovery proceedings in this action and setting a schedule for the filing of a motion for a preliminary injunction and any responses thereto. As stated below, Plaintiff has good cause to warrant expedited discovery proceedings before a conference takes place under Fed. R. Civ. P. 26.

## II.   STATEMENT OF FACTS

1. This case concerns an attempt by Stryker Corporation, ("Stryker"), through its subsidiary, Owl Acquisition Corporation ("Merger Sub") (collectively, Stryker and Merger Sub are referred to herein as "Stryker"), to acquire all of the outstanding shares of Orthovita in a cash transaction valued at approximately $316 million (the "Proposed Transaction"). ¶ 2. Under the terms of the Definitive Agreement and Plan of Merger dated May 16, 2011 (the "Merger Agreement") and announced the same day, holders of Orthovita common stock will receive $3.85 in cash per share (the "Tender Offer"). *Id.* The Tender Offer commenced on May 27, 2011, and is scheduled to expire at 12:00 midnight, New York City time, on Friday, June 24, 2011, unless the Tender Offer is extended or enjoined. ¶ 6.

---

[1] All references to "¶__" herein shall be to the corresponding paragraphs of Plaintiff's Class Action Complaint filed on June 1, 2011 (the "Complaint").

2

A.      **The Unfair Price and Preclusive Deal Protection Devices**

Plaintiff alleges that both the value to Orthovita shareholders contemplated in the Proposed Transaction and the process by which defendants propose to consummate the Proposed Transaction are fundamentally unfair to Plaintiff and the other shareholders of the Company. ¶¶ 38-56. Namely, to assure that Stryker and the Company's officers and directors[2] would reap the windfall benefits of the Proposed Transaction and that no competing bidders would emerge, the Individual Defendants, in abject violation of their fiduciary duties to Plaintiff and Orthovita's other shareholders, agreed to certain preclusive deal protection provisions contained within the Merger Agreement that operate collectively to make the Proposed Transaction a *fait d'accompli*. ¶¶ 50-56.

First, the Merger Agreement contains an onerous termination fee provision. If the Company accepts a Superior Proposal, Orthovita will be required to pay $9,891,604 million to Stryker. ¶ 55. Any Superior Proposal would have to exceed Stryker's offer by at least as much as the termination fee, which represents 3% of the equity value of the Company. *Id.*

Second, to further discourage a competitive bidding process, the Merger Agreement provides a matching rights provision whereby the Company must notify Stryker of any competing bidder's offer. ¶ 53. If the Board determines that the competing offer constitutes a "Superior Proposal," the Board must provide Stryker with written notice at least five business days in advance of its intention to terminate the Merger Agreement and enter into a definitive agreement with respect to a "Superior Proposal." *Id.* The Board is also required to negotiate with Stryker to allow Stryker to adjust the terms and conditions of the Merger Agreement so that the Takeover Proposal ceases to be a Superior Proposal. *Id.*

---

[2]     William E. Tidmore, Jr., Antony Koblish, R. Scot Barry, Morris Cheston, Jr., Mary E. Paetzold, Paul G. Thomas, and Paul. T. Touhey, Jr. (collectively, the "Individual Defendants").

In combination, the termination fee and matching rights provision all but ensure that no competing offer will be forthcoming. These provisions cumulatively discourage any other bidders from making a competing bid for the Company.

### B. Material Omissions and Misleading Statements in the Recommendation Statement

Critically, in connection with the Tender Offer, the defendants have omitted from Orthovita's Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") filed with the Securities & Exchange Commission on May 27, 2011, and disseminated to Orthovita shareholders, material information necessary for shareholders to make an informed decision as to whether to tender their shares and, if necessary, vote in favor of consummating the Merger in violation of 14(a) and §20(a) of the Securities Exchange Act of 1934. ¶¶ 59-62. Hence, without the omitted information, Plaintiff and all other Orthovita shareholders will have been denied their fundamental right to make an informed decision as to these matters.

Plaintiff's Complaint lays out in great detail the material information that has been omitted from the Recommendation Statement. ¶¶ 61, 62. For example, among other things, the Complaint notes that the Recommendation Statement fails to disclose all of the underlying methodologies, projections, key inputs and multiples relied upon and observed by J.P. Morgan Securities, LLC ("JP Morgan") who served as financial advisor to the Company in connection with the Proposed Transaction. This information is necessary for shareholders to evaluate and properly assess the credibility of the various analyses performed by JP Morgan and relied upon by the Board in recommending the Proposed Transaction.

In particular, the Recommendation Statement is deficient and should provide, *inter alia*, the following:

4

    A.    Orthovita's free cash flows and the key inputs necessary to reach free cash flows (including depreciation, amortization, change in working capital and the effective tax rate), which are all needed for an investor to calculate the discounted cash flow which are critical to understanding the basis for those projections and certain analyses performed by JP Morgan;

    B.    In the *Public Trading Multiples Analysis*, the criteria and multiples for each of the companies selected;

    C.    In the *Selected Transactions Analysis,* more information regarding the transaction details (including enterprise value and exact date) and multiples for each of the transactions selected; and

    D.    In the *Discounted Cash Flow Analysis,* the methodology used to determine the discount rate and terminal value range used.

The Recommendation Statement also fails to disclose material information regarding the sales process leading up to the Proposed Transaction and the alternatives available to the Company besides the Proposed Transaction. Shareholders cannot be expected to make a fully-informed decision regarding the Tender Offer without this vital information.

Accordingly, Plaintiff has brought suit alleging that the Company's directors breached the fiduciary duties they owe to Plaintiff and the other shareholders of the Company by, *inter alia*, preventing them from receiving the fair value of their interest in the Company and depriving them of full and fair disclosures. ¶¶ 8, 9. Plaintiff alleges that he and the Company's other shareholders will suffer irreparable harm if the Individual Defendants continue to breach their fiduciary duties.

For this reason, Plaintiff requests leave of this Court to obtain discovery from the defendants on an expedited basis in anticipation of moving for a preliminary injunction to halt consummation of the Merger. Indeed, following the shareholder vote on the Merger, Plaintiff and absent class members will be forever foreclosed from making a meaningful, informed

decision concerning the Proposed Transaction. Thus, the defendants must be ordered to participate in discovery on an expedited basis to give Plaintiff adequate time to present the Court with as complete a factual record as possible in support of his motion for a preliminary injunction to prevent the Merger from being consummated.

### III. ARGUMENT

Plaintiff has good cause to warrant expedited discovery proceedings before a conference takes place under Fed. R. Civ. P. 26(f). Given the limited time frame for the closing of the Proposed Transaction, the ordinary course of discovery proceedings under the Federal Rules of Civil Procedure would be inappropriate since, by the time discovery responses are due, the shareholder vote will already have passed. Further, Defendants will face no prejudice if discovery proceedings are expedited. Plaintiff requests very limited discovery related only to the Proposed Transaction which would take relatively little effort to gather and produce.

#### A. Legal Standard for Expedited Discovery

Although Fed. R. Civ. P. 26(d) generally prohibits parties from seeking discovery "before the parties have conferred as required by Rule 26(f)," courts permit a party to conduct discovery on an expedited basis "upon a showing of good cause." *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004) (citing 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2046.1 (1994)). Courts of this Circuit routinely grant expedited discovery in anticipation of a motion for preliminary injunction. *See id.* (stating that "[e]xpedited discovery would be appropriate in cases involving preliminary injunctions"); *see also Tracfone Wireless, Inc. v. King Trading, Inc.*, No. 3-08-CV-0398, 2008 WL 918243, at *1 (N.D. Tex. Mar. 13, 2008) (finding expedited discovery necessary so that plaintiffs can determine whether to seek a preliminary injunction); *Alliantgroup, L.P. v. Feingold*, No. H-09-

0479, 2009 WL 1109093, at *2 (S.D. Tex. April 24, 2009) (granting motion for expedited discovery prior to hearing on temporary injunction).[3]

Plaintiff can demonstrate good cause as to why expedited discovery should be granted as absent expedited discovery, Plaintiff will be unable to present the Court with as complete a factual record as possible in connection with his and anticipated preliminary injunction motion to enjoin the Proposed Transaction. Further, since Plaintiff is seeking a very limited universe of documents, Defendants will not be prejudiced by Plaintiff's requests. The documents Plaintiff is seeking have likely already been compiled through the course of the merger negotiations. Thus, Plaintiff's motion for expedited discovery should be granted.

### B. Good Cause Exists For Plaintiff's Requested Expedited Discovery

Here, Plaintiff can show good cause to conduct discovery on an expedited basis. Plaintiff seeks to preliminarily enjoin the Proposed Transaction, which is scheduled for a shareholder vote in a few short weeks. Since Fed. R. Civ. P. 26(f) generally does not require a discovery conference to take place until 21 days before the first scheduling conference, and no scheduling conference has been set yet in this case, it may be months before Plaintiff can begin conducting any discovery which will be too late to enjoin the merger. Thus, good cause exists for expedited discovery.

---

[3] Delaware law is also instructive on expedited discovery proceedings since Delaware courts routinely handle litigation challenging corporate transactions. In merger-related actions such as this one, Delaware courts routinely permit a plaintiff to conduct discovery on an expedited basis because of the potential for irreparable harm to shareholders if a merger or acquisition is consummated as a result of an inadequate process and inadequate disclosures. *Allen v. News Corp.*, No. Civ-A-979-N, 2005 WL 415095 (Del. Ch. Feb. 3, 2005); *ODS Technologies, L.P. v. Marshall*, 832 A.2d 1254, 1262 (Del. Ch. 2003); *In re Pure Res., Inc. S'holders Litig.*, 808 A.2d 421, 452 (Del. Ch. 2002). In anticipation of a motion for preliminary injunction, the Delaware courts recognize the need for expedited discovery. *See In Re Int'l Jensen Inc. S'holders Litig.*, No. Civ-A-14992, 1996 WL 422345 (Del. Ch. July 13, 1996) (holding that "[a] party's request to schedule an application for a preliminary injunction, and to expedite the discovery related thereto, is normally routinely granted. Exceptions to that norm are rare.").

The moratorium on discovery prior to the parties' Rule 26(f) conference may be lifted by court order. See Fed. R. Civ. P. 26(d). Expedited discovery may be granted where the movant demonstrates good cause. *Fonovisa, Inc. v. Does,* 1-9, 2008 U.S. Dist. LEXIS 27170, 32-34 (W.D. Pa. Apr. 3, 2008); 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2046.1, at 592 (2d ed. 1994) ("Although the rule does not say so, it is implicit that some showing of good cause should be made to justify such an order."). Recently, courts in this District have applied a more flexible standard of "reasonableness" and "good cause" to determine whether to allow expedited discovery. See, e.g., *Entm't Tech. Corp. v. Walt Disney Imagineering,* 2003 U.S. Dist. LEXIS 19832 (E.D. Pa. Oct. 2, 2003).

Requests for expedited discovery are typically appropriate, and good cause therefore demonstrated, in cases "when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Philadelphia Newspapers v. Gannett Satellite Info. Network,* 1998 U.S. Dist. LEXIS 10511, 4-5 (E.D. Pa. July 15, 1998); see also *Exl Labs., LLC v. Egolf,* 2010 U.S. Dist. LEXIS 131105 (E.D. Pa. Dec. 7, 2010) ("Expedited discovery is particularly appropriate where a Plaintiff seeks injunctive relief."); and also *Entm't Tech. Corp.,* 2003 U.S. Dist. LEXIS 19832 at 9 ("[A] district court should decide a motion for expedited discovery "on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances" ... Whether or not a preliminary injunction hearing is pending, then, has become one factor to be evaluated among many, rather than an outcome determinative fact.").

Here, there is good cause to conduct discovery on an expedited basis because Plaintiff seeks to preliminarily enjoin on a full open record the Tender Offer scheduled to expire on **June 24, 2011**. Expedited discovery is, therefore, appropriate because: (a) discovery in the usual

course will prevent an open evaluation of the Proposed Transaction and allow it to proceed unchecked; (b) the discovery requested is of vital importance to the injunctive relief Plaintiff intends to seek; (c) denying Plaintiff's motion would amount to the denial of any meaningful discovery which will irreparably harm Plaintiff and the Class; (d) Defendants will not suffer any prejudice by granting the requested relief; and (e) Plaintiff has been diligent in seeking expedited discovery and offering to meet and confer to no avail with defendants first before the filing of this motion.

Indeed, Federal Courts routinely grant expedited discovery in cases involving corporate transactions. *See, e.g., Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1555 (3d Cir. 1994) (expedited discovery permitted in suit concerning allegations that defendants breached their fiduciary duties in approving a Proposed Transaction); *F.T.C. v. Univ. Health, Inc.*, 938 F.2d 1206, 1210 (11th Cir. 1991) (expedited discovery allowed where Federal Trade Commission sought injunction to prevent defendants from consummating an asset acquisition); *Ronson Corp. v. Liquifin Aktiengesellschaft*, 483 F.2d 846, 848 (3d Cir. 1973) (district court directed expedited discovery where defendants made misrepresentations and omissions in connection with a Proposed Transaction). In the Delaware Court of Chancery, which regularly deals with issues involving corporate transactions such as this one, "[a] party's request to schedule an application for a preliminary injunction, and to expedite the discovery related thereto, is normally routinely granted. Exceptions to that norm are rare." *See In Level Commc'ns, Inc. v. Motorola, Inc.*, 834 A.2d 828 (Del. Ch. 2003); *In re Aquila, Inc. S'holders Litig.*, 805 A.2d 184 (Del. Ch. 2002); *Pure Res.*, 808 A.2d at 421; *In re Siliconix Inc., S'holders Litig.*, No. 18700, 2001 Del. Ch. LEXIS 83 (Del. Ch. June 19, 2001).

Given the fast approaching Tender Offer expiration on June 24, 2011, the Court should exercise its discretion and permit expedited discovery, as good cause is manifest. Indeed, courts routinely permit expedited discovery in situations involving injunctive relief and corporate Proposed Transactions. *See, e.g., Am. Stores Co. v. Lucky Stores, Inc.*, No. 9766, 1988 WL 909330, at *2 (Del. Ch. Apr. 13, 1988) ("granting of [expedited discovery] is quite conventional in litigation of this type"); *see also Moravek v. FNB Bancorp, Inc.*, No. 86 C 4571, 1986 WL 7958, at *4 (N.D. Ill. July 9, 1986) (determining that plaintiff must be allowed discovery prior to their preliminary injunction hearing and, given the short period of time during which the current tender offer will be open, such discovery needs to be expedited).[4]

The benefit in allowing Orthovita's public shareholders a meaningful opportunity to protect their shareholder rights far outweighs the minimal burden placed on Defendants in producing documents and making themselves available for depositions on an expedited basis. Plaintiff seeks limited discovery that will allow him to pursue injunctive relief on a more complete record.

      **C.**     **Defendants Will Face No Prejudice From Expedited Discovery Because Plaintiff Requests Only Limited And Narrowly Focused Discovery**

Defendants will face no prejudice from expedited discovery in this case. Defendants have already been served with the complaint and have been informed of Plaintiff's request to

---

[4] *See City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996) (allowing expedited discovery based on the limited duration of the tender offer); *Horizon Corp. v. Anselmi*, 483 F. Supp. 653, 655 (D.D.C. 1980) (expedited discovery used where preliminary injunction was sought to enjoin defendants from soliciting proxies from stockholders); *Evmar Oil Corp. v. Getty Oil Co.*, No. 76-4039-MML, 1978 U.S. Dist. LEXIS 18957, at *3 (C.D. Cal. Mar. 17, 1978) (in anticipation of the hearing upon plaintiffs' motion for a preliminary injunction restraining a merger, expedited discovery, including the taking of more than 20 depositions, was conducted by the parties); *Grimes*, 17 F.3d at 1555 (expedited discovery used in a suit concerning allegations that the defendants breached their fiduciary duties in approving a merger).

expedite discovery and the specific limited discovery Plaintiff seeks. Plaintiff's discovery requests are limited and narrowly focused to documents and testimony regarding the Board's decision to approve the Proposed Transaction, and such discovery would pose little burden to Defendants to produce. Specifically, Plaintiff requests the following limited discovery from Defendants:

1. Production of minutes from any meetings attended by any member of Orthovita's Board of Directors at which the Proposed Transaction or any other potential strategic transactions were discussed, including any discussions regarding voting on the Proposed Transaction.

2. Production of all communications or documents concerning the financial advisors retained in connection with the Proposed Transaction. This request includes, but is not limited to, retainer agreements, fairness opinions, bankers' books and any drafts thereof, presentation documents, and documents or information sufficient to identify the assumptions and calculations that formed the bases for the financial advisors' analyses.

3. Production of all financial projections prepared by Orthovita's management during the past 12 months, including but not limited to projections provided to any investment bankers or financial advisors in connection with any fairness opinion(s) provided in connection with the Board's consideration of the Proposed Transaction.

4. Production of all presentation documents prepared by Orthovita management or any bankers or financial advisors referenced in Paragraph 2, concerning the Proposed Transaction or any other potential strategic transaction, merger, or acquisition.

5. Production of any valuations prepared assessing the value of Orthovita as an enterprise, or Orthovita stock, in the past 12 months.

6. Production sufficient to identify any benefits to be received by any officer, director, or member of management of Orthovita in connection with the Proposed Transaction, including, but not limited to, stock grants, retention payments, and consulting agreements.

7. Deposition of the person most knowledgeable with respect to the Proposed Transaction and any other potential strategic transactions considered by the Board during the past 12 months.

8. Deposition of the person most knowledgeable regarding the financial projections of Orthovita.

9. Deposition of the person most knowledgeable from JP Morgan concerning the Proposed Transaction.

Defendants will be unable to argue any prejudice from having to respond to such discovery on an expedited basis. Since the Proposed Transaction was announced nearly two months ago, the requested documents have likely been viewed or prepared by Defendants very recently and would take little effort to gather and produce. In any event, each of the discovery requests concerns evidence relevant to Plaintiff's fiduciary duty claim, and Defendants will need to produce this discovery after the Rule 26(f) conference even in the absence of expedited discovery. Thus, Defendants should produce such documents on an expedited basis in the interest of the prompt and efficient disposition of this litigation.

## IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court allow expedited discovery proceedings as detailed herein.

Dated: June 1, 2011

*[signature: Sandra G. Smith]*
Jacob A. Goldberg
Sandra G. Smith
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Tel: 215-277-5770
Fax: 215-277-5771

*Counsel for Plaintiff*

**OF COUNSEL:**
**FARUQI & FARUQI, LLP**
Juan E. Monteverde, Esquire
369 Lexington Avenue, 10th Fl.
New York, NY 10017
Tel.: (212) 983-9330
Fax: (212) 983-9331